In the Matter of SOL ROSENBLUTH, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 4, 1971.

*John G. Bonomi* (*Ronald Eisenman* of counsel), for petitioner.

*Thomas J. Todarelli* of counsel (*Sabbatino & Todarelli,* attorneys), for respondent.

CAPOZZOLI, J. Respondent's motion to modify a prior order of suspension so as to permit him to continue the operation of a calendar watching service during the course of his suspension, which was held in abeyance pending the receipt of a Referee's report upon the nature and extent of the services to be rendered by respondent, is now granted. The Referee's report which, in part, states that " the operation of the calendar service * * * does not appear to require activities on respondent's part, which would be violative of the order of suspension ", is confirmed. The operative facts have been adequately set forth in the dissent, except to the extent that it seeks to characterize respondent as a direct employee of attorneys who subscribe to his calendar watching service. This is obviously an overly broad use of the term " employment ", in order to support the conclusion that respondent be barred from the challenged activities. This court should not, in the case of a suspended attorney, hastily move to prohibit him from engaging in endeavors which he could have undertaken had he never been admitted to the Bar in the first place. Where a suspended attorney is involved, as contrasted with a disbarred attorney, we must not lose sight of the fact that the Appellate Division still does have supervisory powers over his activities, and in case of any indiscretion, can take appropriate steps, including outright disbarment. The purpose of the rules of this court and provisions of the Judiciary Law are clear. Subdivision (a) of section 603.14 of title 22 of the rules of this court requires that a disbarred or suspended attorney or one who has resigned " comply fully and completely with the letter and spirit of sections 478, 479, 484 and 486 of the Judiciary Law " (22 NYCRR 603.14[a]). These sections provide, respectively, that one not duly licensed or admitted to practice

law in this State may not practice law or hold himself out as practicing law; that it is forbidden for a person or his agent to solicit business for an attorney; that no person may ask for or receive compensation for performing legal services if he is not duly admitted to practice; and that any person whose admission to the Bar in this State has been revoked or suspended, who does any of the acts forbidden by article 15 of the Judiciary Law, shall be guilty of a misdemeanor.

None of these prohibited activities are to be undertaken by respondent.

A suspended or disbarred attorney holds approximately the same status as one who has never been admitted (7 Am. Jur. 2d, § 19, p. 53) and there are some law related activities which such attorneys have been permitted to engage in. These include aiding an attorney in good standing in the preparation of a law book (and his name may be used, American Bar Assn. Opinions of Committee on Professional Ethics and Grievances Informal Decision C-566 [1962]), soliciting lawyers for process serving business to be turned over to a process serving firm (Association of the Bar of the City of New York, No. 132 [1930]) and associating as a principal with a process serving company or being employed by an insurance company as an investigator or adjuster (Association of the Bar of the City of New York, No. 147 [1930]). These areas appear to be equally, if not more, law-related than respondent's chosen activity.

The dissent relies in part upon *Matter of Katz* (35 A D 2d 159). That case involved employment of a suspended attorney by a City Marshal and is, therefore, clearly distinguishable from the instant case. A City Marshal's " work is closely allied with the courts and judicial proceedings " and his " duties include the enforcement of court orders " and related activities (*Matter of Katz, supra,* p. 160). Running a calendar watching service does not entail such duties or activities.

Under all of the circumstances and especially in view of the record compiled upon the reference and the Referee's report, the majority of this court concludes that respondent should be permitted to continue his service during the course of his suspension.

McNALLY, J. (dissenting). I dissent and would deny the application for permission to continue the operation of a " calendar watching service " for members of the Bar of the State of New York during respondent's suspension from the practice of law for a period of three years. The actions which caused this respondent to be suspended were serious breaches of discipline. (*Matter of Rosenbluth,* 35 A D 2d 46.)

The charges arose out of neglect in the prosecution of three personal injury actions, a medical malpractice action, and a dispute arising out of an adoption proceeding. In the three instances involving personal injury actions the Statute of Limitations was permitted to expire and consequently the actions were time-barred. In the adoption proceeding in the State of New Jersey, respondent's neglect resulted in an adoption becoming final and incontestable, contrary to the expressed wishes of his client, the mother. In each of these instances respondent misrepresented to his clients the status of, and actions taken, with respect to their matters.

He now applies to continue the operation of a calendar watching service for members of the Bar during his period of suspension from practice as an attorney. I would deny the application on the ground that it contravenes the very terms of our order. Our order dated July 9, 1970 is self-explanatory. It reads as follows: " Ordered that the said Sol Rosenbluth be and he hereby is commanded to desist and refrain from the practice of the law in any form, either as a principal or agent, clerk or employee of another, for a period of three years effective August 10, 1970, and until the further order of this Court."

In my opinion, the operation of the trial calendar service makes this respondent an agent or employee of all the 3,500 subscribers to the service, all of whom are members of the Bar of the State of New York. None of these members has been apprised of the respondent's suspension which is a further violation of our order and the rules of the Appellate Division, First Department (22 NYCRR 603.14[d]). " Conduct of disbarred, suspended and resigned attorneys." In my opinion, it was the duty of this respondent to advise each of these subscribers that he had been suspended. The operation of a calendar watching service is intimately connected with the administration of justice. Respondent devotes his full time to its operation. He admits in his moving papers that on occasion it is necessary to visit the office of various clerks of the court to correct calendar errors. The work is manifestly in violation of the express terms of our order. The work of the trial calendar service is closely allied with our courts and the proceedings therein.

The employment of an attorney under suspension whose duties include processing cases in excess of 150,000, with pending cases between 35,000 and 40,000, generates disrespect for the courts and tends to bring the administration of justice into disrepute. In *Matter of Katz* (35 A D 2d 159) we held that it was not advisable for a respondent to remain in the employ of a City Marshal, and denied respondent's application for reinstatement

and suggested that he terminate his employment. Here the respondent's employment is a direct employment by lawyers, who for all it appears have never been apprised of respondent's suspension, all this in violation of our order which forbids the respondent to perform such services and the Rules of the Appellate Division, First Department. Moreover, to allow the applicant to continue said activities is to expose his lawyer-clients to the kind of neglect underlying the specifications of unprofessional conduct here involved, without their knowledge.

I would deny the application *in toto*.

STEVENS, P. J., EAGER and NUNEZ JJ., concur with CAPOZZOLI, J.; McNALLY, J., dissents in an opinion.

Motions granted, report of Referee confirmed and respondent permitted to continue operation of Trial Calendar Service, Inc. during the course of his suspension.